NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JON PAUL POWELL, <br><br>        Plaintiff-Appellant, <br><br>  v. <br><br> WELL PATH CARE, Jail Deputy, STEPHANIE RIDGELY, Provider and Nurse, JOSH O'HARA, Nurse, MRS. GARDNER, Nurse, and DEPUTY MCCLURE, Jail Deputy, <br><br>        Defendants-Appellees. | No. 22-35242 <br><br> D.C. No.    6:20-cv-01934-IM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted December 8, 2022[**]

Before:    WALLACE, TALLMAN, and BYBEE, Circuit Judges.

Oregon state prisoner Jon Paul Powell appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violations related to his recovery from a hernia surgery that occurred while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In his opening brief, Powell fails to address the district court's basis for its summary judgment ruling on Powell's medical deliberate indifference claim and Powell has therefore waived any challenge to that aspect of the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (holding issues not supported by argument in pro se appellant's opening brief are waived).

The district court did not abuse its discretion in dismissing Powell's excessive force claim without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (holding an excessive force claim under the Fourteenth Amendment requires a pretrial detainee to show that the "force purposely or knowingly used against him was objectively unreasonable").

The district court did not abuse its discretion by denying Powell's motions

for appointment of counsel because Powell did not demonstrate "exceptional circumstances" justifying the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

We reject as unsupported by the record Powell's contention that the district court erred by denying as moot his motion to exclude a witness. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) (setting forth standard of review).

Powell's motion to dismiss certain defendants (Docket Entry No. 28) is denied as moot.

**AFFIRMED.**

22-35242